[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION FOR MODIFICATION OF JUDGMENT
This motion for modification of judgment came on for hearing before this court on July 14, 1992.
The Plaintiff and the Defendant both personally appeared before the court and each was represented by counsel.
The marriage of the parties had been dissolved by decree dated July 1, 1986 by the court, Hale, J.
At the time of the dissolution the parties had each been represented by counsel.
Defendant claims there has been a substantial change in circumstances since the entry of the decree of dissolution and requests continuing alimony.
At the time of hearing of this apparently uncontested dissolution the Defendant received title to certain real estate known as 56 Union Street, Guilford, alimony of $400.00 per week until June 30, 1992 and thereafter $1.00 per year, child support of $300.00 per week, $5,000.00 payable CT Page 6940 according to the terms of the decree and personalty and contents and furnishings.
Subsequently on October 11, 1988 there were proceedings before the court, Budney, J. as concerns matters of arrearage. The parties have agreed as of this date, July 14, 1992, that the arrearage balance is $17,800.00 and that this is being paid off at the rate of $450.00 per week, effective July 1, 1992 and will be discharged in full within 39.5 weeks in accordance with the prior order of Budney, J.
The Defendant is presently employed by Skinsations of Guildford and Perfect Parties of Madison. Defendant has been so employed since 1987.
Defendant works when she has bookings. Estimated earnings in 1991 $10,000.00 to $11,000.00 + -.
On August 11, 1990 Defendant suffered an injury to her left leg when she fell through a hatch while working on a Perfect Parties engagement.
The injury has resulted in a 15% permanent partial disability of the leg according to Defendant. No medical testimony was offered to the court.
The Defendant holds a British nursing license and in February, 1991 inquired at Middlesex Memorial Hospital as concerns reentering the nursing field but decided not to pursue this course due to the cost and her disability.
Defendant has received Workmens Compensation as concerns the aforementioned injury and a lawsuit is presently pending in the Judicial District of New Haven as concerns her claim.
The Plaintiff is presently a physician with the Virginia Dept. of Corrections at Marion, Virginia.
At the time of the dissolution the Plaintiff was a physician at Yale University and the University of Massachusetts.
The Plaintiff is age 54 and has remarried.
The Plaintiff has been paying for the education of his children although not required to do so by the terms of the decree and presently has borrowed or spent $28,000.00 + in college tuition payments according to his affidavit. CT Page 6941 Admittedly there is a substantial disparity in earnings between the parties.
Plaintiff weekly gross is $1,982.64 and net is $1,258.27.
Defendant weekly gross is $208.00 and net is $171.25.
There is a substantial disparity in total cash value of all assets.
The Plaintiff Colin Angliker has, according to his financial affidavit, total assets of $24,383.00 consisting primarily of his V.A. Civil Servant Retirement Plan.
The Plaintiff has liabilities totaling $12,812.00.
The Defendant, Barbara Angliker, has total assets of $334,550.00 and liabilities of $2,100.00.
The Defendant claims that her injury on August 11, 1990 occasioned a substantial change in circumstances, yet this claim is made approximately two years after the injury occurred.
Even with his substantial earnings it is unlikely that the Plaintiff can ever realistically acquire assets that would put him on a par with the Defendant.
It may well be that to turn a real estate asset into cash would be difficult during the present state of the economy as claimed by the Defendant but there has not been the requisite threshold showing of a substantial change in circumstances which would justify a change.
In relative terms the financial difference as to the earnings is not markedly different between the parties when the 1986 figures are compared to the 1992 present figures.
The orderly liquidation of the agreed arrearage may continue in accordance with the order of Budney, J.
The request to open and modify the judgment is denied.
AUSTIN, J. CT Page 6942